**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DONNA C.,<br><br>  Plaintiff,<br><br>v.<br><br>MARTIN J. O'MALLEY,[1] Commissioner of Social Security,<br><br>  Defendant. | Civil Action No. 23-00848 (GC)<br><br>**OPINION** |

**CASTNER, U.S.D.J.**

**THIS MATTER** comes before the Court upon Plaintiff Donna C.'s[2] appeal from the final decision of the Commissioner of the Social Security Administration issued under Title II of the Social Security Act, 42 U.S.C. § 401, *et seq.* After careful consideration of the entire record, including the entire administrative record, the Court decides this matter without oral argument in accordance with Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, and other good cause shown, the Court **AFFIRMS** the Commissioner's final decision.

---

[1]   Martin J. O'Malley, in his official capacity, is substituted for Kilolo Kijakazi. Fed. R. Civ. P. 25(d).

[2]   Plaintiff is identified by first name and last initial. *See* D.N.J. Standing Order 2021-10.

I. **BACKGROUND**

This social security appeal centers on Plaintiff Donna C.'s challenge to the Commissioner of Social Security's determination that Plaintiff does not qualify for disability insurance benefits for the period between November 1, 2017, and April 29, 2020.

Plaintiff had worked as a dental hygienist for forty-four years but stopped working in August 2017. (AR 39-40.[3]) On July 23, 2018, Plaintiff filed an application for disability insurance benefits. (AR 52.) The application was denied on September 22, 2018, and again on February 8, 2019, following reconsideration. (AR 53-59, 62-70.) Plaintiff requested a hearing that was held telephonically before an administrative law judge ("ALJ") on November 13, 2020. (AR 16.)

On May 3, 2021, the ALJ issued her decision that was partially favorable to Plaintiff. (AR 16-28.) The ALJ found that Plaintiff became disabled on April 29, 2020, and had continued to be disabled since that date. (AR 28.) However, the ALJ rejected the contention that Plaintiff had been disabled for purposes of disability benefits between November 1, 2017, and April 29, 2020. (AR 28.) The ALJ found that, prior to April 2020, Plaintiff retained the ability to perform a range of light work, including her past relevant work as a dental hygienist. (AR 27.)

On July 6, 2021, Plaintiff filed a request for review with the Appeals Council. (AR 127-29.) The request was denied on December 12, 2022. (AR 1-5.) The ALJ's decision is thus the final decision of the Commissioner. On February 14, 2023, Plaintiff commenced this action pursuant to 42 U.S.C. § 405(g). (ECF No. 1.) Plaintiff argues that "she has been disabled since November 1, 2017," and asks this Court to reverse the Commissioner's decision and to award Plaintiff benefits from the alleged disability onset date of November 1, 2017. (*Id.* at 2.)

---

[3] "AR" refers to the administrative record. (*See* ECF No. 3.)

Plaintiff filed her opening brief on May 17, 2023. (ECF No. 4.) The Commissioner opposed on July 17, 2023. (ECF No. 8.) Plaintiff replied on July 28, 2023. (ECF No. 9.)

## II. LEGAL STANDARD

### A. STANDARD OF REVIEW

The Court has jurisdiction to review the Commissioner's decision under 42 U.S.C. § 405(g). In conducting this review, the Court is not "permitted to re-weigh the evidence or impose [its] own factual determinations." *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 359 (3d Cir. 2011). Instead, the Court must "scrutinize the record as a whole to determine whether the conclusions reached are rational" and "supported by substantial evidence." *Gober v. Matthews*, 574 F.2d 772, 775-76 (3d Cir. 1978) (citation omitted).

Substantial evidence is "defined as 'more than a mere scintilla'; it means 'such relevant evidence as a reasonable mind might accept as adequate.'" *Hagans v. Comm'r of Soc. Sec.*, 694 F.3d 287, 292 (3d Cir. 2012) (quoting *Plummer v. Apfel*, 186 F.3d 422, 427 (3d Cir. 1999)). Evidence is not substantial "if it is overwhelmed by other evidence—particularly certain types of evidence (*e.g.*, that offered by treating physicians)—or if it really constitutes not evidence but mere conclusion." *Nazario v. Comm'r Soc. Sec.*, 794 F. App'x 204, 209 (3d Cir. 2019) (quoting *Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983)).

Where the Commissioner's "findings of fact are supported by substantial evidence," the Court is "bound by those findings, even if [it] would have decided the factual inquiry differently." *Id.* (quoting *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001)); *see also* 2 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). Legal issues, in contrast, are subject to a plenary review. *See Hess v. Comm'r Soc. Sec.*, 931 F.3d 198, 208 n.10 (3d Cir. 2019) ("We exercise plenary review over legal conclusions reached by the Commissioner . . . ." (quoting *Chandler*, 667 F.3d at 359)).

### B. DETERMINING DISABILITY

To be eligible for disability insurance benefits under the Social Security Act, a claimant must establish that he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). A physical or mental impairment is one that "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." *Id.* § 423(d)(3). Disability determinations are made individually "based on evidence adduced at a hearing." *Sykes v. Apfel*, 228 F.3d 259, 262 (3d Cir. 2000).

### C. SEQUENTIAL EVALUATION

The Social Security Administration has developed a sequential, five-step process for evaluating disability claims. The process considers whether the claimant:

> (1) is engaged in substantial gainful activity; (2) suffers from an impairment or combination of impairments that is "severe"; (3) suffers from an impairment or combination of impairments that meets or equals a listed impairment; (4) is able to perform his or her past relevant work; and (5) is able to perform work existing in significant numbers in the national economy.
>
> [*McCrea v. Comm'r of Soc. Sec.*, 370 F.3d 357, 360 (3d Cir. 2004) (citing 20 C.F.R. §§ 404.1520(a)-(f), 416.920(a)-(f)).]

"The evaluation will continue through each step unless it can be determined at any point that the claimant is or is not disabled." *Rios v. Comm'r of Soc. Sec.*, 444 F. App'x 532, 534 (3d Cir. 2011) (citing 20 C.F.R. § 404.1520(a)(4)). The claimant bears the ultimate burden at the first four steps, at which point the burden shifts to the Commissioner at the fifth step. *See Hess*, 931 F.3d at 201 ("The burden of proof is on the claimant at all steps except step five, where the burden is on the Commissioner of Social Security.").

### III.  DISCUSSION

#### A. ALJ'S DECISION

In a partially favorable decision, the ALJ evaluated Plaintiff's disability claim under the sequential, five-step process and found that Plaintiff became disabled on April 29, 2020, and continued to be disabled after that date. (AR 28.) The ALJ rejected the claim that Plaintiff had been disabled as of November 1, 2017. (AR 28.)

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since November 1, 2017. (AR 19-20.)

At step two, the ALJ found that Plaintiff had the following severe impairments since November 1, 2017: morbid obesity, degenerative joint disease of the knees bilaterally, degenerative disc disease of the lumbar spine, osteoarthritis, and diabetes mellitus with neuropathy. (AR 20.) The ALJ found that, beginning on April 29, 2020, Plaintiff added the following severe impairments: degenerative joint disease of the shoulders bilaterally and degenerative disc disease of the cervical spine. (AR 20.)

The ALJ also found that Plaintiff had the following non-severe impairments: anemia, hyperlipidemia, hypertension, right wrist ganglion cyst, Dupuytren's contracture, anxiety disorder, and depressive disorder. (AR 20.) The ALJ determined that these impairments created no "more than a minimal limitation on [Plaintiff's] ability to perform basic work activities." (AR 20.)

At step three, the ALJ found that, as of November 1, 2017, Plaintiff's impairment or combination of impairments did not meet or medically equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (AR 20-22.) Next, the ALJ found

that, from November 2017 to April 2020, Plaintiff had a residual functional capacity[4] (RFC) for "light work" as defined in 20 C.F.R. § 404.1576(b), except that Plaintiff "could only occasionally climb ramps and stairs, balance, stoop, kneel and crouch, but never climb ladders, ropes or scaffolds or crawl." (AR 22.)

At step four, the ALJ found that, prior to April 2020, Plaintiff had been capable of performing her past relevant work as a dental hygienist. (AR 27.) The ALJ noted that a dental hygienist's job is characterized as skilled work requiring a light level of exertion and performed at light duty, which was consistent with Plaintiff's pre-April 2020 RFC. (AR 27.)

Because Plaintiff was capable of performing her past relevant work prior to April 2020, the ALJ concluded that Plaintiff was not entitled to disability insurance benefits for the November 2017-April 2020 period. *See* 20 C.F.R. § 404.1520(f) ("If you can still do . . . [your past relevant] work, we will find that you are not disabled."); *see also Andalis v. O'Malley*, Civ. No. 23-2000, 2024 WL 263930, at *1 n.4 (E.D. Pa. Jan. 24, 2024) ("If the claimant retains the residual functional capacity to perform past relevant work, a finding of not disabled is directed.").

### B. IMPAIRMENTS PRIOR TO ESTABLISHED ONSET DATE

Plaintiff's first argument on appeal is that the ALJ failed to properly consider multiple impairments prior to the established disability onset date of April 29, 2020, and that, if properly considered, these impairments would have resulted in a finding of disabled starting on November 1, 2017. (ECF No. 4 at 19.) Specifically, Plaintiff contends that her pre-April 2020 RFC should have included limitations "consistent with Plaintiff's use of her hands, her shoulder deformity, her mental health, or her neck impairments." (*Id.* at 22.)

---

[4] "Residual functional capacity is defined as the most an individual still can do in a work setting despite the limitations caused by his [or her] impairments." *Naviglia v. Colvin*, Civ. No. 15-660, 2016 WL 4733174, at *4 n.3 (W.D. Pa. Sept. 9, 2016).

As to mental health, Plaintiff underscores that her "treating physicians note[d] diagnoses of depression and anxiety as early as June 10, 2015, with Lexapro for the same being prescribed" and symptoms "as far back [as] June of 2018." (*Id.* at 21-22.) Plaintiff claims that "there is no indication that . . . [her] mental functioning [was] considered in anyway in the RFC" despite the aforementioned evidence. (*Id.* at 23.)

As to use of her hands, Plaintiff underscores that she was "diagnosed with Dupuytren's contracture and osteoarthritis of the first carpometacarpal joint of the left hand and osteoarthritis of the first carpometacarpal joint of the right hand since at least December of 2018." (*Id.* at 21.) This led to pain that "radiate[d] from the base of the thumb to the top, with increased pain with squeezing and pinching." (*Id.*) Plaintiff claims that the ALJ erred by not including any limitations consistent with these impairments. (*Id.* at 24.)

And as to her shoulders and neck, Plaintiff underscores that in December 2018 a "physical examination . . . noted that there was shoulder deformity . . . with tenderness and swelling" and that the "[g]rind test was positive and there was documented crepitus upon range of motion." (*Id.* at 21.) Similarly, as early as November 2019, Plaintiff was "diagnosed with cervicalgia." (*Id.*) Plaintiff claims that if these conditions were appropriately considered the ALJ would have made a finding of disabled that predated the April 2020 onset date. (*Id.* at 23-24.)

Having carefully considered the ALJ's findings in light of the entire administrative record, the Court finds that the ALJ's determinations as to Plaintiff's RFC are supported by substantial evidence. The ALJ rationally considered what was presented when reaching her conclusions.

As to Plaintiff's mental health, the ALJ considered the evidence related to Plaintiff's anxiety and depression and reasonably determined that the evidence did not support finding that the impairments created more than a "minimal limitation" on Plaintiff's ability to perform basic work activities. (AR 20.) The ALJ noted that Plaintiff has a history of depression for which she

took medication and that, in October 2020, Plaintiff's physician noted that she was "feeling depressed and anxious." (AR 19.) Nevertheless, the ALJ also noted that there was no evidence that Plaintiff sought mental health treatment. (AR 19.) And the ALJ further noted that Plaintiff reported no problems handling money, reading daily, following instructions, getting along with others, paying attention, or handling stress or changes in routine. (AR 19-20.)

As to Plaintiff's hands, shoulders, and neck, the ALJ considered the evidence cited by Plaintiff and reasonably determined that, prior to April 2020, these conditions did not rise to the level that prevented Plaintiff from conducting light work as defined in 20 C.F.R. § 404.1567(b), with certain exceptions. (AR 24-26.) Notably, the ALJ explained that, in December 2018, Plaintiff "saw a hand specialist for complaints of sharp, intermittent pain at the base of the right thumb with radiation to tip." (AR 24.) The December 2018 examination also identified "a shoulder deformity" and the "grind test was positive" with "crepitus upon range of motion of the thumb basal joint." (AR 24.) Despite these findings, the ALJ emphasized that the examination determined that Plaintiff's "range of motion of the shoulder, elbow, wrists and other fingers were within normal limits" with a "4+/5 grip strength and 4-/5 pinch strength with intact sensation." (AR 24.) The ALJ also emphasized that there was "little, if any, evidence that [Plaintiff] sought subsequent treatment for" her "right thumb basal joint osteoarthritis." (AR 24.)

Based on the ALJ's reasoning and the cited evidence in the administrative record, the Court sees no basis to overrule the ALJ's determination that, "prior to April 29, 2020, [Plaintiff] retained the residual functional capacity to perform light work." (AR 25.) The ALJ considered the relevant evidence related to Plaintiff's mental health, hands, shoulders, and neck, and the findings made are reasonable considering that evidence. *See Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) ("It means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" (citation omitted)); *see also Wellington W. v. Kijakazi*, Civ.

8

No. 22-05042, 2023 WL 5551030, at *6 (D.N.J. Aug. 29, 2023) ("[T]he ALJ did not merely announce her RFC determination without providing any support or explanation. She appropriately evaluated the objective medical record, considered the claimant's subjective complaints, . . . and provided a clear presentation of her reasoning at every step of the analysis.").

## C. THIRD-PARTY STATEMENTS

Plaintiff's second argument on appeal is that the ALJ erred in finding multiple third-party statements to be unpersuasive. (ECF No. 4 at 24.) The brief statements came from Plaintiff's husband, sister-in-law, friend, and former co-worker. (AR 201, 207, 215-17.) Plaintiff claims that the ALJ improperly discounted these statements and that "[r]emand is proper for full consideration." (ECF No. 4 at 27.)

In relevant part, the ALJ wrote the following about the four statements:

> These statements are not persuasive, as they are lay opinions based upon casual observation, rather than objective medical examination and testing. Further, they are potentially influenced by loyalties of families and/or friendship. They certainly do not outweigh the accumulated medical evidence regarding the extent to which [Plaintiff's] impairments limit her functional abilities. Ultimately, these statements are not persuasive for the same reasons set forth above in finding [Plaintiff's] allegations to be less than wholly consistent with the evidence of record.

[(AR 23.)]

The Court sees no error in the ALJ's findings. Consistent with the applicable regulations, the ALJ clearly considered these third-party statements but found them to be less persuasive than the accumulated medical evidence that the ALJ primarily relied on in reaching her conclusions. The ALJ suggested that one potential explanation for the inconsistencies between these lay statements and the medical evidence might be that these individuals were influenced by their close relationship with Plaintiff. In any event, the ALJ did not peremptorily disregard the statements, and she adequately considered and weighed the non-medical statements that were presented and

9

gave reasons as to why they were less compelling than other evidence in determining the effects of Plaintiff's impairments. *See, e.g., Burnett v. Comm'r of Soc. Sec. Admin.*, 220 F.3d 112, 122 (3d Cir. 2000) ("Similar to the medical reports, the ALJ must also consider and weigh all of the non-medical evidence before him."); *Torres v. Saul*, Civ. No. 18-01716, 2019 WL 13395378, at *15 (D.N.J. Oct. 31, 2019) (finding no remand warranted where ALJ found unpersuasive for similar reasons the third-party statements from the plaintiff's mother).

### D. MEDICAL OPINION EVIDENCE

Plaintiff's third and final argument on appeal is that the ALJ erred in not giving due consideration to medical opinion evidence. (ECF No. 4 at 27.) In particular, Plaintiff points to the opinion of Plaintiff's primary care physician, Dr. Byung Yu, and Dr. Yu's notes that indicate that "Plaintiff has difficulty walking, leg muscle weakness, loss of manual dexterity, depression and anxiety, as well as[] difficulty thinking and concentrating." (*Id.* at 28.) Plaintiff claims that the ALJ ignored this opinion and offered "no acceptable explanation or contradictory evidence to reject the opinion." (*Id.* at 29.)

Based on the Court's review, the ALJ adequately evaluated the medical opinions, including Dr. Yu's opinion, and explained their persuasiveness based on the applicable regulations. (AR 26.) As to Dr. Yu, the ALJ considered his opinion that Plaintiff "can never lift and carry; could only stand/walk for up to 1 hour and sit for less than 2 hours; would need to lie down or recline for 1.5-2 hours per day; has good and bad days; is expected to be absent from work more than 4 days per month; and is expected to be off-task 25%+ of the time." (AR 26.) The ALJ also noted Dr. Yu's position that Plaintiff was unable to return to work. (AR 26.)

The ALJ correctly noted, however, that the determination of disability for purposes of benefits is an issue reserved to the Commissioner. *See* 20 C.F.R. § 404.1527(d)(1) ("A statement by a medical source that you are 'disabled' or 'unable to work' does not mean that we will

determine that you are disabled."); *see also Pintal v. Comm'r of Soc. Sec.*, 602 F. App'x 84, 87 (3d Cir. 2015) ("The ultimate legal determination of disability is reserved for the Commissioner."). And ultimately, the ALJ found Dr. Yu's opinion to be inconsistent "with his routine and conservative treatment of [Plaintiff] as her primary care provider who mostly maintained her on medications for her chronic conditions." (AR 26.) As the Commissioner notes, the ALJ's conclusion that Dr. Yu was not a persuasive source is supported by relevant evidence, including from Plaintiff's visit to Dr. Yu's office in October 2020 when she asked him to fill out her disability form. (AR 433.) At that visit, Dr. Yu recorded that Plaintiff's issues were "a chronic long term problem" and that Plaintiff had "no pain at th[at] . . . time," and there were generally no new complaints. (AR 433-34.) Given this record, the ALJ's view of Dr. Yu's opinion is supported by substantial evidence and the Court will defer to it as such. *See Candace D. v. Kijakazi*, Civ. No. 23-01151, 2024 WL 913218, at *8 (D.N.J. Mar. 4, 2024) ("[B]ecause ALJ['s] . . . decision clearly explained why she assigned less weight to Dr. Lim's opinion as compared to other opinions, in a manner that meets the substantial evidence standard, the Court will not reverse on this basis.").

## IV.    CONCLUSION

For the reasons set forth above, and other good cause shown, the Commissioner's final decision is **AFFIRMED**. An appropriate Order follows.

Dated: March 28, 2024

_____
GEORGETTE CASTNER
UNITED STATES DISTRICT JUDGE